You may be seated, and the clerk will call the next case. 316-047, the people of the state of Illinois, answered by Stephanie Rankin, Mr. Ernest Coffey, announced by Paul Rogers. Mr. Rogers, you may proceed. Good morning. May it please the Court, my name is Paul Rogers. I am here on behalf of Mr. Ernest Coffey. Before I get into my argument portion, I'd like to address a housekeeping matter quickly, if I may. And that is whether this Court has obtained or been able to access a copy of the brief filed by the Attorney General of the Illinois Supreme Court in the Luskin case. I referred to that brief in my reply brief. I referred this Court to the Illinois Supreme Court website, where the Attorney General's brief was available at the time. As you may know, the Illinois Supreme Court took Lusby off the September 4 argument calendar, which made the Attorney General's brief disappear from the website. So if this Court doesn't have a copy of that Attorney General's brief in Lusby, I'll be happy to provide it. If I've given a copy of that brief to the appellate prosecutor, and I would make an oral motion, if this Court doesn't already have a copy of it or can't access it, to add it as an appendix, I can give copies to the brief to the clerks. Okay, fine. That takes care of that. Thank you. Turning to the merits, then. I will add to what I've already argued in the opening brief and the reply brief. So I'll stand on those arguments for the most part. I say for the most part because in addition to obviously being willing to answer any questions this Court might have, I want to make two quick points of clarification. The first is to clarify the relationship between my two arguments. I want to dispel any idea that there's conflict or tension between those arguments. Again, as you know, the first argument, my position is that the trial court had discretion to appoint counsel for Mr. Coffey at hearing on the motion to reconsider the order that I have named to file his successive post-conviction petition. Now, someone might suggest that counsel's appointment justified the State being able to provide input, substantive input, during the hearing on the motion to reconsider, which might undermine the second argument, that there was a Bailey violation. Indeed, the State, I think, has made such a suggestion in its brief where it made the claim that it was obligated to participate at the hearing on the motion to reconsider because counsel was present, having been appointed for Mr. Coffey. But, as I think I addressed in the reply brief, neither the appointment of counsel nor counsel's mere presence at the hearing obviates the Bailey error. The reason for that is simple. Counsel provided no meaningful representation for Mr. Coffey at the hearing. In this court, in Walker, this court in Walker, which I think I cited in the reply brief or possibly in the opening brief or possibly both, this court noted that even when counsel is appointed as a matter of discretion, in Walker it was in a 214-1 case, but even where counsel is appointed as a matter of discretion, counsel must meet some standard of competent representation. So, in short, counsel here, Mr. Snyder, might as well not have been appointed at all. His formal, nominal appointment and his presence is not actual representation. Therefore, it's appropriate to treat this case as one where the defendant lacked counsel, which makes it like Bailey. So the second point of clarification I'd like to make is simply to clarify or elaborate on the relief that we're seeking. In keeping with this court's decision in Munson, Baller, and Parnita, the appropriate relief is to vacate the order denying the motion to reconsider, leave to file the successive petition, and to remand for a new hearing on that motion to reconsider. So the trial court can make another determination on that motion. We could make the determination ourselves, though. Well, that's not what this court has held in Munson, Baller, and Parnita. I mean, there seems to be some split on whether you can just decide yourself or remand it, right? Well, there's a split within this court. As far as I know, only one member of this court takes that position. If you shepherdize, to use an old-fashioned term, Munson, Baller, Parnita. Are those books now? I think they stopped printing those books, yes. I think they're decoration now, thankfully. But anyway, if you shepherdize Munson, Baller, and Parnita, you'll find Ames, which is a Fourth District case, I believe, and Conway, which is a Second District case. Conway actually came first. In those cases, they disagreed with Munson and its progeny regarding the relief for Bailey Arrow. Whether this court chooses to abandon Munson, Baller, and Parnita and follow those newer cases, that's up to this court, obviously. The case you're referring to, the newer case, is all the same. Well, we've got all the facts in front of us. We can just decide it, and the newer case is just going to have to decide it. Well, that's the issue to be decided. I mean, there are cases like that. Well, those are the only two that I know of that deal with the Bailey Arrow and what the appropriate relief is. Arguing back to what I was saying before about Lusby, in Lusby, the Attorney General, arguing for the state, took the position that Munson, Baller, and Parnita were correctly decided in terms of what this court may do where there is a Bailey violation and explicitly asked the Supreme Court to follow those cases. Now, my position is that when it comes to a question of law, not a question of fact, the state has to speak with one voice, even if they're in different forums. The state represents one client in criminal cases, no matter what the case is. It's always the people. So its position on a matter of law shouldn't vary from case to case, from forum to forum. Now, the other point to make in that connection is, in this case, that issue is likely to be decided in Lusby once Lusby gets put back on the Supreme Court's docket for decision, presumably the oral argument later this year, or not later this year, next year. Also, there are PLAs pending in both Ames and Conway, as far as I know. But circling back to what I was saying in terms of relief, unless this court departs from Munson and Baller, the relief would be a remand. The question then is, should it be with counsel or without counsel? I think without counsel for Mr. Coffey would be definitely in keeping with Bailey, and therefore the safer choice. With counsel, it would arguably be in keeping with Bailey, but would possibly raise some problems in terms of assessing counsel's performance. But if the trial court that has decided to exercise its discretion again to appoint counsel, then if counsel provides input for Mr. Coffey at the hearing, then to be candid, I think as a matter of fairness, the state would then have the right to provide input. So the relief is to vacate the order, remand for a new hearing, and leave it up to the court to exercise its discretion whether to appoint counsel again or not for Mr. Coffey. So unless there are further questions, I have nothing to add. Any questions? I don't see any, Mr. Rogers. Thank you. Ms. Raymond? May it please the Court, Your Honor. Counsel, my name is Stephanie Raymond. I represent the people of the state of Illinois in this matter. First, I would just like to cover the first issue slightly. The trial court erred in appointing counsel because the defendant had no right to counsel. The Post-Conviction Hearing Act provides for right to counsel at the second stage. Here we didn't even make it to the first, let alone the second. So the trial court's appointment of counsel was premature and not supported by the Act. In regards to that, defendant complains now during argument of the representation and the meaningful representation of counsel. Defendant cannot complain of meaningful representation where there was no right to counsel. So it's our position that the trial court erred in granting him counsel where he had no right. Secondly, regarding the relief, it's the people's position that this court can review the trial court. The trial court made independent determination of defendant's petition or his motion for leave to file. So it's our position that this court can review that because this is a motion to reconsider which is different than the case decided by defendant. The cases decided by defendant are not motions to reconsider. They are cases in which the state did participate during the proceedings. In this case, we do not have that. The state did not participate. Defendant filed his motion for leave. The trial court determined, denied that motion on its own. There was no answer or there was no motion from the state. There was no participation by the state. There was no hearing. So it's the people's position that because of that, this court could review it without demanding and determine whether or not that was properly granted. Regarding the state's position, defendant argues that the state takes inconsistent positions. The state has a duty to preserve the issues for appeal. Should they find in Lesbie that this court cannot review, then so be it. But if they find that they can, we just ask the court to do so. Unless there are no further questions. Thank you. Mr. Rogers? Yes. First, regarding the appointment of counsel, and I apologize if I'm repeating what I said in the fly brief, but just to be absolutely clear, the state's reliance on the difference between having the right to counsel, well, the state's emphasis on the fact that Mr. Coffey didn't have the right to counsel is beside the point. The state is conflating what's required and what's permitted. The argument here has never been Mr. Coffey was entitled to the appointment of counsel. The state's absolutely right. He wasn't entitled to counsel. If he was entitled to counsel, we'd have a different argument. We'd be arguing about whether the trial court had discretion to appoint counsel. The point that there's no standard by which counsel's performance must be judged depends on whether you have a right to counsel I think is refuted by Walker. As I mentioned before, Walker was a case involving a 214-01 petition for relief from judgment, in which there is no statutory right to counsel. This court decided that the trial court had discretion to appoint counsel in that situation, and more importantly, that counsel, when appointed at the court's discretion, has to meet some standard of competent representation. As far as the relief is concerned, again, this is something I addressed in the reply brief, but just to be clear, the subsequent question at the initial hearing, which again the state is correct, it had no input during the initial hearing denying the motion for relief to file. But the subsequent question at that initial hearing and at the hearing on the motion we consider is the same, and that's whether there was cause and prejudice sufficient to grant relief to file. So since Bailey stands with the proposition that there's to be no input regarding the cause and prejudice determination, there's really no reason to limit Bailey to that situation where you're dealing with just the initial determination and not extend Bailey to apply where the defendant is asking to reconsider the initial determination because it's the same subsequent question. So for those reasons, I'd ask this court to grant the relief that I requested in the brief and elaborate it on here today. Any questions? Thank you, Mr. Rogers. Ms. Raymond, thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued as soon as possible. And with that, I will stand recess until 1 p.m.